```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X    NOT FOR PUBLICATION

JORDAN RANDOLPH,

                Plaintiff,
        -against-                                               MEMORANDUM
                                                                AND ORDER
TERENA HENDERSON,                                               14-CV-3845 (KAM)

                Defendant.
----------------------------------------------------------X
```
MATSUMOTO, United States District Judge:

On June 12, 2014, plaintiff Jordan Randolph ("plaintiff" or "Randolph"), currently incarcerated at Auburn Correctional Facility, filed this *pro se* action against defendant Terena Henderson. (ECF No. 1, Complaint filed 6/12/14 ("Compl.").) Plaintiff seeks damages and has moved to proceed *in forma pauperis*. (*See* ECF No. 3, Mot. for Leave to Proceed *In Forma Pauperis* filed 6/12/14.) The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and dismisses the complaint for the reasons set forth below.

## Background

Plaintiff alleges that Terena Henderson, his girlfriend's daughter, stole his debit card and depleted his account of all its funds, approximately $2800, while he was incarcerated. (*See generally*, Compl.) Plaintiff alleges that "[t]he Eastern District of New York . . . is the proper venue which has jurisdiction over this matter of complaint when the acts occurred in the County of Suffolk at all relevant times described herein." (Compl. at 2, ¶ 3A.) Plaintiff also cites to 42 U.S.C. § 1989 as the basis for relief. (*Id.* at 11.)

## Standard of Review

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the court is required to read plaintiff's *pro se* complaint liberally and interpret it as raising the

strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

Moreover, at the pleadings stage, the court must assume the truth of "all well-pleaded, non-conclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), the court is required to dismiss *sua sponte* an *in forma pauperis* action if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Furthermore, this court has an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001); Fed. R. Civ. P. 12(h)(3).

## Discussion

This court does not have subject matter jurisdiction over plaintiff's claim against defendant Henderson. First, plaintiff appears to equate venue with jurisdiction in alleging that his action belongs in this court. Venue solely governs where the action should be filed and is not a basis for jurisdiction. Rather, the federal courts are courts of limited jurisdiction and may not preside over cases over which they lack subject matter jurisdiction. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, and § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. A plaintiff invokes § 1332 jurisdiction when he presents

a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* § 1332(a).

Here, plaintiff's allegations do not state a basis for either federal question or diversity jurisdiction. Plaintiff has not provided any facts to support a claim against defendant Henderson that arises under the Constitution or laws of the United States. Plaintiff's allegation that defendant Henderson "acted in bad faith with the malicious purpose of being deliberately indifferent" (*see* Compl. at 8-9), does not raise a federal question, as defendant is a private party who is not alleged to have acted under state law. *See Am. Mftrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (explaining that 42 U.S.C. § 1983 actions do not reach purely private conduct). In addition, plaintiff has not provided any facts to invoke the court's diversity jurisdiction as both parties reside in New York and the amount in controversy does not exceed $75,000.

Finally, plaintiff's attempt to invoke the court's jurisdiction by citing to 42 U.S.C. § 1989 is misplaced. Section 1989 does not provide a basis for jurisdiction over this matter, but instead provides for the appointment of sufficient magistrate judges in the district courts. *See* 42 U.S.C. § 1989.

## **Conclusion**

Accordingly, the complaint, filed *in forma pauperis*, is dismissed because the court lacks subject matter jurisdiction over this matter. Fed. R. Civ. P. 12(h)(3). Any state law claims are dismissed without prejudice. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is

respectfully requested to serve a copy of this Order and the Judgment on plaintiff within two days of the date of this Order and to note service on the docket.

SO ORDERED.

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge

Dated:  June 24, 2014
         Brooklyn, New York